Filed 6/20/22 P. v. Martinez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BENJAMIN MARTINEZ,<br><br>    Defendant and Appellant. | F082865<br><br>(Super. Ct. No. 09CM0397-003)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kings County. Donna L. Tarter, Judge.

Matthew J. Watts, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Eric Christoffersen, Amanda D. Cary and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Franson, J. and Peña, J.

Appellant Benjamin Martinez appeals following the denial of his petition for resentencing under the then applicable statute, Penal Code[1] former section 1170.95 (Stats. 2018, ch. 1015, § 4). The parties agree that the trial court erred in making certain factual findings and thus should not have denied appellant's petition at the prima facie stage of the statutory proceedings. Upon review of the record and arguments, we agree and therefore reverse the trial court's order and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2012, a first amended information was filed against David Lee Bonner, Jr., appellant, and Jose Manuel Vasquez. Count 1 of the seven-count information alleged that the three committed murder in violation of section 187, subdivision (a) by killing Eric Gomez. Count 1 further alleged that the killing occurred while the three were "engaged in the commission of carjacking and/or armed robbery, within the meaning of Penal Code section 190.2[, subdivision ](a)(17)."

Shortly before appellant's trial was scheduled to begin, appellant agreed to plead guilty "to count 1 a violation of [P]enal [C]ode section 187[, subdivision](a) in the second degree[,] doubled pursuant to [section ]667(b)–(i)." The parties agreed to a total term of 30 years to life, and the court accepted the plea. On December 4, 2013, appellant was sentenced consistent with the plea agreement.

On February 1, 2021, appellant petitioned for resentencing under former section 1170.95 by submitting a preprinted form. By checking various boxes, appellant alleged he had been charged with an offense that allowed the prosecution to proceed under a felony-murder theory, that he pled guilty to second degree murder in lieu of going to trial, and that he could no longer be convicted of second degree murder because of changes made to sections 188 and 189. Appellant requested appointment of counsel and checked boxes stating he "was not the actual killer," "did not, with the intent to kill,

---

[1] All further statutory references are to the Penal Code.

2.

aid, abet, … or assist the actual killer in the commission of murder in the first degree," "was not a major participant in the felony," "did not act with reckless indifference to human life during the course of the crime," and stating that Gomez was not a peace officer. Finally, appellant checked a box stating there had been a prior determination by a court or a jury that he was not a major participant in the underlying crime and/or did not act with reckless indifference to human life.

The People opposed appellant's petition. Reciting the facts of the case as detailed in the appeal following the trial of appellant's codefendant, Jose Manuel Vasquez, the People argued appellant's conduct was meaningfully different from Vasquez's because appellant "was a major participant who clearly evinced an abandoned and malignant heart and acted with reckless indifference to life because he knew his own actions would involve grave risk of death." The People also argued they could have proceeded with an aider and abettor theory. In making these arguments, the People noted appellant's plea and the fact he had no trial but stated that based on the "evidence elicited at Vasquez's trial, Martinez clearly possessed the subjective awareness [that] his participation in the underlying felony, the attempted carjacking, carried a grave risk of death." The People then went on to dispute various findings made by the Court of Appeal related to Vasquez to argue that appellant had a propensity for violence, was an aider and abettor with Vasquez, and had a malicious mindset. The People went so far as to argue the Court of Appeal "[i]nexplicably … discounted many of its own conclusions and the conclusions reached by the jury, when it ruled Vasquez did not *know* his actions could involve a grave risk of death."

On March 26, 2021, the trial court entered a seven-page order denying appellant's petition. Relying on the appellate opinion from Vasquez's appeal, despite noting that appellant "did not appeal his conviction" and that Vasquez had ultimately been resentenced under former section 1170.95, the court found appellant "had a much more predominate role in [Gomez]'s murder" and had participated in planning the event

3.

"weeks in advance," based on various facts elicited at Vasquez's trial. The court concluded appellant failed to make a prima facie case for relief because he was " a major participant in the underlying felony and … acted with reckless indifference to human life."

This appeal timely followed.

## DISCUSSION

Appellant raises two errors which he contends require reversing the denial of his petition and remanding for further proceedings. First, appellant contends the trial court erred by failing to appoint counsel when requested. Second, appellant contends the trial court erred by relying on facts contained in the appellate opinion from one of appellant's codefendant's cases. Appellant argues the trial court necessarily looked outside the record of conviction and resolved factual disputes between the two cases in accepting the appellate factual summary. Appellant requests this court remand to appoint counsel and proceed to a show cause hearing.

In response, the People concede that counsel should have been appointed under *People v. Lewis* (2021) 11 Cal.5th 952, 957, 966 (*Lewis*) and recent modifications to section 1170.95, subdivision (b) codified that right to counsel (Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022). The People acknowledge that the trial court erred in resolving factual disputes between the petition and Vasquez's appellate opinion at the prima facie stage but argue this court need not consider that error as remand is already required under *Lewis*.

We agree with the People that the failure to appoint counsel in this case requires reversal. As explained in *Lewis*, once a facially sufficient petition is filed, section 1170.95 "does not require a distinct prima facie showing before the appointment of counsel." (*Lewis*, *supra*, 11 Cal.5th at p. 962.) *Lewis* specifically rejected the two-step approach used by some courts in which the trial court could review the record of conviction and reject appellant's petition for failing to make a prima facie showing prior to appointing counsel. (*Id*. at p. 966.) Here the trial court reviewed what it considered to

4.

be the record of conviction and denied appellant's petition without appointing counsel as requested.[2] This was improper.

We also agree with the People that this error was prejudicial. Under the relevant standard, the failure to appoint counsel is prejudicial if it is shows " 'there is a reasonable probability that in the absence of the error he … would have obtained a more favorable result.' " (*Lewis*, *supra*, 11 Cal.5th at p. 974.) In this case, the trial court considered evidence from the appellate opinion of a codefendant's case and utilized the factual summary in that opinion to conclude that the averments made in appellant's petition were insufficient to make a prima facie showing of eligibility for relief. As noted in *Lewis*, in situations where appellate opinions may be considered—which arise only after the appointment of counsel—their value is highly case specific and may not be used to "engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971–972.) Appointment of counsel prior to the court's prima facie case ruling would likely have resulted in a more favorable result given that weighing facts is improper at the prima facie stage. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 ["[The] authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd. (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)."], abrogated on another ground in *Lewis*, at p. 963.)

Finally, we agree with appellant's request that this matter be remanded with instructions to issue an order to show case and hold an evidentiary hearing under

---

[2] This court takes no position on the trial court's ultimate ability to consider facts contained in the appellate opinion from Vasquez's appeal. Upon remand, the court will be bound by the procedures set forth in section 1170.95 and may consider evidence admissible under that statutory scheme.

section 1170.95, subdivisions (c) and (d). The trial court determined appellant's petition was inadequate to demonstrate a prima facie case based only on its impermissible weighing of evidence contradicting appellant's averments. Upon review, we agree with appellant that his petition and averments provide a prima facie showing of eligibility warranting an evidentiary hearing under section 1170.95, subdivision (d).

## DISPOSITION

The March 26, 2021 order denying appellant's petition for resentencing is vacated. The matter is remanded to the superior court with directions to issue an order to show cause and conduct a hearing on the petition to determine whether to vacate appellant's murder conviction, recall his sentence, and resentence him consistent with Penal Code section 1170.95, as amended effective January 1, 2022 (Stats. 2021, ch. 551, § 2).